EXHIBIT A

2616-CV12703

Electronically Filed - Jackson - Kansas City - April 09, 2026 - 11:02 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| JANA DUCA, | ) | |
| Plaintiff, | ) | Case No.: |
| v. | ) | |
| | ) | REQUEST FOR JURY TRIAL |
| AMETHYST PLACE, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STARLA WULF-BRENNAN, | ) | |
| | ) | |
| Defendants. | ) | |

**SERVE:**

Amethyst Place, Inc.                               Starla Wulf-Brennan
Registered Agent: Patrick Brown          2842 N 84th Terrace
2750 Tracy Ave                                     Kansas City, Kansas 66109
Kansas City, Missouri 64109

## PETITION FOR DAMAGES

COMES NOW Plaintiff, by and through undersigned counsel, and for her Petition for

Damages against Defendants Amethyst Place, Inc. and Starla Wulf-Brennan, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.       Plaintiff is a citizen and resident of Missouri.

2.       Defendant Amethyst Place, Inc. ("Amethyst Place"), is a corporation doing

business in Missouri, including Jackson County.

3.       Defendant Starla Wulf-Brennan is an individual residing in Kansas City, Kansas.

4.       Ms. Wulf-Brennan is and was throughout Plaintiff's former employment, the

Executive Director of Amethyst Place.

5.       This case involves the following torts:

1

Case 4:26-cv-00435-RK     Document 1-1     Filed 05/19/26     Page 1 of 44

a. Race discrimination in employment, in violation of the Missouri Human Rights Act, R.S.Mo. § 213.055;

b. Retaliation for opposing conduct prohibited by the Missouri Human Rights Act, in violation of the same;

c. Race discrimination in violation 42 U.S.C. § 1981; and

d. Retaliation in violation of 42 U.S.C. § 1981.

6. Plaintiff was employed by Amethyst Place in Kansas City, Jackson County, Missouri.

7. Plaintiff was discharged from employment in Kansas City, Jackson County, Missouri.

8. These facts make jurisdiction and venue proper in Jackson County, Missouri and in this Court.

9. Amethyst Place has employed more than six employees in Missouri from 2024 to present.

10. Thus, Amethyst Place is an "employer" pursuant to R.S.Mo. § 213.010(8).

11. Amethyst Place employed more than 5 employees and was an "employer" pursuant to § 287.030.

## FACTS COMMON TO ALL COUNTS

12. Plaintiff is an African-American female.

13. Plaintiff has an accounting background, with education and experience in such roles.

14. In early 2024, Plaintiff applied for a vacant "Director of Finance" position with Amethyst Place.

2

15. During Plaintiff's interview, she was informed that the Director of Finance and Director of Human Resources positions would be combined, and Plaintiff (or the applicant selected) would be required to perform both roles.

16. Plaintiff expressed concern about the Human Resources component, as she did not have experience in that area.

17. In response, Plaintiff was told that the combination was temporary.

18. Plaintiff was told that the Human Resources responsibilities would be reassigned to other positions over time, resulting in a primarily financial role.

19. Plaintiff agreed and ultimately accepted the position of Director of Human Resources and Finance.

20. Plaintiff's title would remain the same throughout her employment, despite Amethyst Place's representations during her interview process.

21. Plaintiff began working for Amethyst Place in May 2024.

22. Plaintiff supervised employees in both the financial and human resources departments.

23. These employees included Lisa Smallwood (African-American female) in the financial department and Dominque Campbell (African-American female) in the human resources department.

24. Around August or September 2024, the employee who had been training and supervising Plaintiff moved out of state.

25. As a result, Plaintiff began reporting directly to and being supervised by Ms. Wulf-Brennan.

26. Ms. Wulf-Brennan is a white female.

3

Electronically Filed - Jackson - Kansas City - April 09, 2026 - 11:02 AM

27. On October 15, 2024, Plaintiff received a complaint from an African-American employee of Amethyst Place.

28. The complaint alleged race discrimination against management-level members of Amethyst Place, specifically naming Ms. Wulf-Brennan.

29. The complaint alleged that Ms. Wulf-Brennan "talked down" to the employee, treated the employee worse than white employees, and generally attempted to portray the employee as an "angry black woman" to other employees of Amethyst Place.

30. Plaintiff opened an investigation in response to the complaint.

31. The investigation included interviewing the employee, as well as others identified as having information about the allegations.

32. Plaintiff took care to protect the identity of the employee to prevent any retaliation.

33. When interviewing the employee who submitted the complaint, Plaintiff learned that the employee had made prior complaints about race discrimination to management-level employees of Amethyst Place.

34. Plaintiff attempted to locate any documentation of these complaints, but could not do so.

35. Shortly after the investigation began, Ms. Wulf-Brennan confronted Plaintiff about the complaint, investigation, and the subject employee.

36. Ms. Wulf-Brennan instructed Plaintiff to stop any investigation into the complaint immediately.

37. Plaintiff questioned why the investigation should be stopped, as Plaintiff had not yet collected sufficient information to determine if the claim was substantiated.

38. Ms. Wulf-Brennan stated the employee's "claims are ridiculous" and that the

4

subject employee was "just a whiner" who had "complained before."

39. Ms. Wulf-Brennan stated that the complaint was "just a lie."

40. Plaintiff protested this instruction, stating that it was important to investigate the allegations.

41. Plaintiff also stated that the lack of documentation of previous complaints was troublesome, and could be seen as indicating the employee's complaints were valid.

42. Ms. Wulf-Brennan confirmed as much, stating the prior incidents were *purposefully not documented*.

43. Ms. Wulf-Brennan again instructed Plaintiff to prematurely conclude the investigation. This time, Ms. Wulf-Brennan directed Plaintiff to document that the investigation had been completed and the employee's complaints were unsubstantiated.

44. Ms. Wulf-Brennan also instructed Plaintiff to discipline the employee and threaten the employee with termination. She directed Plaintiff to rely on the purported lack of prior complaints as being a false statement, justifying discipline.

45. Plaintiff pushed back on Ms. Wulf-Brennan's directives and stated that was Plaintiff's duty to investigate the complaint fully, fairly, and honestly.

46. Plaintiff refused the directive and continued the investigation.

47. Plaintiff also told Ms. Wulf-Brennan that Amethyst Place's employee handbook and policies clearly prohibit the type of retaliation that Ms. Wulf-Brennan was ordering Plaintiff to direct towards the complaining employee.

48. The meeting ended, and Plaintiff continued her investigation process.

49. Shortly after this, Ms. Wulf Brennan removed duties related to complaint reporting and investigations – and only those duties – from Plaintiff's position.

50. Plaintiff asked why these core human resources functions had been removed from her position.

51. Ms. Wulf-Brennan responded: "Human resources is a group decision between you and me."

52. However, this action removed any authority from Plaintiff in investigating such complaints.

53. Unhappy and concerned by the actions of Ms. Wulf-Brennan, Plaintiff laid out her concerns and thoughts to Ms. Wulf-Brennan in writing on October 30, 2024.

54. Plaintiff stated that it didn't "feel safe to give enough details to identify employees" who had complained about discrimination — particularly to one of the alleged harassers.

55. Plaintiff also outlined that it could be productive for them to discuss diversity, equity, inclusion, and implicit bias considering Ms. Wulf-Brennan's prior statements and directives about employee complaints.

56. Plaintiff noted that this was a "company culture" issue she had observed with Amethyst Place, not an isolated incident.

57. Plaintiff asked for a face-to-face meeting to discuss these and other issues, including her belief that Ms. Wulf-Brennan was inappropriately attempting to silence and conceal employee complaints.

58. Plaintiff ended the message with an explanation that she hoped to rebuild the working relationship between Ms. Wulf-Brennan and herself, but that it would require improving how racial complaints were handled by Amethyst Place.

59. Plaintiff and Ms. Wulf-Brennan met on November 1, 2024.

60. Ms. Wulf-Brennan opened the meeting by saying the discussion would be brief.

6

61. From there, Ms. Wulf-Brennan refused to discuss Plaintiff's agenda items and, rather, used the meeting to give Plaintiff several demands for her work performance moving forward.

62. Ms. Wulf-Brennan explicitly stated in this meeting that she was giving Plaintiff "a directive" to no longer investigate employee complaints.

63. Ms. Wulf-Brennan said the "directive" was not a "discussion," nor was it an "option."

64. Ms. Wulf-Brennan then switched to other topics that she wished to discuss, which did not involve employees' rights.

65. Shortly after this meeting, a financial audit began at Amethyst Place.

66. Plaintiff was not aware of the audit before the issues with Ms. Wulf-Brennan arose.

67. This was a large undertaking that demanded much of Plaintiff's time and energy.

68. Plaintiff and another employee – Lisa Smallwood – began working on the audit.

69. However, Ms. Smallwood suffered a work-related injury on November 27, 2024.

70. Ms. Smallwood ultimately suffered a broken femur as a result of a fall.

71. Plaintiff worked with Ms. Smallwood on a reasonable accommodation to allow Ms. Smallwood to continue working while she recovered.

72. Ms. Smallwood was given permission to work from home, as she could not access her work office due to it being on the third floor of a building with no elevator access.

73. Because this was a human resources function and Ms. Smallwood was Plaintiff's direct report in the financial department, Plaintiff did not consult Ms. Wulf-Brennan before granting Ms. Smallwood the work-from-home accommodation.

74. Plaintiff also recognized Ms. Smallwood's requested accommodation posed no

hardship on Amethyst Place and was reasonable under the circumstances, making the requested accommodation a straightforward issue.

75. Ms. Wulf-Brennan learned of the accommodation, and told Plaintiff that Ms. Smallwood should not be working from home.

76. Plaintiff found this puzzling, as Ms. Smallwood had been allowed to work one day per week from home since even before Plaintiff became her supervisor in May 2024.

77. Plaintiff suggested that necessary office equipment be moved to the ground floor for a temporary on-site office for Ms. Smallwood to work.

78. Ms. Wulf-Brennan declined this accommodation as well.

79. Plaintiff pushed back and told Ms. Wulf-Brennan that Amethyst Place needed to accommodate Ms. Smallwood in some manner.

80. Ms. Wulf-Brennan said she "would deal with it."

81. Plaintiff continued to work with Ms. Smallwood (as her supervisor) over the next several shifts with Ms. Smallwood working from home without issue.

82. During this period, Ms. Wulf-Brennan made several comments to Plaintiff indicating that she wanted Ms. Smallwood's employment to end – whether through a forced resignation or termination – regardless of any performance considerations.

83. On December 12, 2024, Plaintiff learned that Ms. Wulf-Brennan had terminated Ms. Smallwood's employment.

84. Plaintiff was both the Director of Human Resources and Ms. Smallwood's direct supervisor, yet Ms. Wulf-Brennan terminated Ms. Smallwood's employment without first consulting with Plaintiff, aside from vague comments about a possible forced resignation.

85. Removing Ms. Smallwood during the financial audit was devastating to the

8

financial department, as it was a very small department and already under significant strain.

86. This resulted in Plaintiff's workload dramatically increasing, as Plaintiff had to pick up the assignments formerly performed by Ms. Smallwood.

87. Plaintiff asked why Ms. Smallwood had been terminated, and Ms. Wulf-Brennan refused to provide an explanation.

88. Plaintiff asked Dominque Campbell – a contractor who provided Amethyst Place with as-needed human resources functions – if she knew the reason for Ms. Smallwood's discharge.

89. Ms. Campbell reported that she had assisted Ms. Wulf-Brennan with the discharge and, according to Ms. Campbell, Ms. Wulf-Brennan "had still not decided on the reason for the termination yet."

90. As December progressed, Plaintiff was stretched incredibly thin by her dual roles.

91. She had to deal with year-end employee matters in the human resources department, year-end financial matters in the financial department, and the financial audit.

92. The vacancy created by Ms. Smallwood's termination increased the workload on Plaintiff.

93. Further, this was Plaintiff's first end-of-year with Amethyst Place.

94. On December 20, 2024, Ms. Wulf-Brennan placed Plaintiff on a Performance Improvement Plan ("PIP").

95. The PIP identified four areas to improve: (1) professionalism; (2) punctuality with meetings and assignments; (3) completing audit tasks more quickly; and (4) adhering to directives from Ms. Wulf-Brennan.

96. The reference to Ms. Wulf-Brennan's "directives" was a callback to the employee

9

complaint issue between Plaintiff and Ms. Wulf-Brennan in October 2024.

97.     Plaintiff noted that each of these issues appeared to be based on one-off occurrences, not repeat occurrences.

98.     Plaintiff had never been counseled, coached, or disciplined for any of the identified issues before — aside from the November 1 "directive" conversation.

99.     The PIP required one-on-one meetings between Plaintiff and Ms. Wulf-Brennan to assess Plaintiff's progress.

100.    The first meeting took place on December 27, 2024.

101.    Plaintiff had prepared notes ahead of the meeting, which included examples of her efforts to address each of the four issues and suggested goals to measure improvement before the next meeting.

102.    Ms. Wulf-Brennan stopped Plaintiff from speaking immediately as the meeting began and told Plaintiff that she was not interested in discussing Plaintiff's "performance."

103.    Instead, Ms. Wulf-Brennan asked Plaintiff a few questions about getting Ms. Smallwood her last check and then ended the meeting.

104.    Ms. Wulf-Brennan refused to discuss Plaintiff's performance in the meeting specifically held to discuss Plaintiff's PIP.

105.    On December 30, 2024, Plaintiff received an email from Amethyst Place's Director of Strategy and Growth.

106.    The email carried a rude tone, questioning Plaintiff's timely payment of property taxes.

107.    Plaintiff replied in a professional manner, not matching the tone of the email.

108.    Plaintiff acknowledged that she cut the deadline close but had nonetheless paid the

10

tax bill on time.

109. Plaintiff ultimately apologized and noted that the demands of the audit and understaffing of the financial department made it a difficult time for Plaintiff.

110. Plaintiff copied Ms. Wulf-Brennan on the email.

111. Plaintiff thought about her response, and decided that it might not have been necessary to discuss the nature of the financial department's staffing strains in her response.

112. Plaintiff recalled the email shortly after sending it — something that Plaintiff had done previously working for Amethyst Place when appropriate.

113. On January 3, 2025, Ms. Wulf-Brennan called Plaintiff into her office and presented Plaintiff with a termination letter.

114. The letter stated:

> ISSUE: On Monday, December 30, 2024, Jana Duca sent an email to the Executive Director and the Director of Strategy & Growth. Jana subsequently recalled the Executive Director's email from their Outlook Inbox, prior to the message being read. However, the Director of Strategy & Growth read the email and left the read document in their Outlook Inbox. When the Director tried to return to the document in their Outlook Inbox, it was not available in any Outlook folders. An investigation discovered that Jana had recalled the email from the Director's Outlook email after it was read. Although a report was emailed to Jana indicating that the recalled email had been read, she failed to notify the Director that she had recalled the email.
>
> ACTION: Recalling emails from an employee's Outlook after the email has been read is a violation of Amethyst Place's Value of *Building a community of trust and acceptance*. Jana did not have the authority or permission to retrieve emails from an employee's Outlook mailbox and doing so created an environment of distrust due to the privacy invasion. Based on her misuse of authority, Jana's employment will be terminated effective immediately.

115. Plaintiff was replaced by a white female shortly after her termination.

116. On or about July 1, 2025, Plaintiff duly filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Missouri Commission on Human Rights ("MCHR") against Amethyst Place.

11

Electronically Filed - Jackson - Kansas City - April 09, 2026 - 11:02 AM

Electronically Filed - Jackson - Kansas City - April 09, 2026 - 11:02 AM

117. This Charge alleged that Amethyst Place engaged in the discriminatory actions that are being raised in this lawsuit, or alternatively, all conduct alleged herein would have arisen from the investigation of such Charge.

118. A Notice of Right-to-Sue letter dated January 13, 2026, has been issued, and this action is being brought within ninety (90) days from the issuance of such Right-to-Sue letter from the MCHR.

119. All actions or inactions of or by Amethyst Place occurred by or through its agents, servants, or employees — including but not limited to Ms. Wulf-Brennan — acting within the course and scope of their employment, as set forth herein.

## COUNT I
## RACE DISCRIMINATION IN VIOLATION OF
## THE MISSOURI HUMAN RIGHTS ACT, R.S.Mo. § 213.055
### (Against Defendant Amethyst Place)

120. Plaintiff incorporates by reference the allegations contained in the proceeding Paragraphs as though fully stated herein.

121. Amethyst Place took adverse actions against Plaintiff, including materially altering and increasing Plaintiff's job duties and discharging Plaintiff from employment.

122. The motivating factor in these adverse employment actions was Plaintiff's race.

123. This was part of a pattern and practice of discrimination against African-Americans by Amethyst Place.

124. As a direct and proximate result of Amethyst Place's unlawful conduct, Plaintiff has suffered irreparable injury, including past and future pecuniary losses, emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, reduced employment opportunities, and will continue to suffer the same until this Court grants relief.

125. The conduct of Amethyst Place, as set forth above, was intentionally harmful to the

12

Plaintiff and done without just cause.

126. Additionally, the conduct of Amethyst Place, as set forth above, was done with evil motive.

127. Plaintiff is also entitled to recover all of her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiff prays for judgment against Defendant Amethyst Place for compensatory damages in an amount exceeding $75,000; for punitive damages; for Plaintiff's costs and expenses incurred herein; for attorneys' fees; for the equitable relief of reinstatement, or in the alternative, front pay; and for such other and further consideration and relief as the Court may deem just and equitable.

## COUNT II
## RETALIATION IN VIOLATION OF
## THE MISSOURI HUMAN RIGHTS ACT, R.S.Mo. § 213.070
### (Against Defendant Amethyst Place)

128. Plaintiff incorporates by reference the allegations contained in the proceeding Paragraphs, as though fully stated herein.

129. Plaintiff opposed conduct prohibited by the Missouri Human Rights Act by, among other things, opposing an unreasonable refusal to accommodate a disabled employee; insisting on investigating and reporting complaints of racial discrimination; opposing the firing of an employee because of that employee's disability; opposing the firing of an employee because of that employee's race; opposing disciplining an employee for making complaints of discrimination; and opposing a directive to ignore the dictates of the Missouri Human Rights Act.

130. Amethyst Place took adverse actions against Plaintiff, including materially altering and increasing Plaintiff's job duties and discharging Plaintiff from employment.

131. The motivating factor in these adverse actions was Plaintiff's opposition to acts of

13

Amethyst Place that are prohibited by the Missouri Human Rights Act and other protected activity set forth herein.

132. As a direct and proximate result of Amethyst Place's unlawful conduct, Plaintiff has suffered irreparable injury, including past and future pecuniary losses, emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, reduced employment opportunities, and will continue to suffer the same until this Court grants relief.

133. The conduct of Amethyst Place, as set forth above, was intentionally harmful to the Plaintiff and done without just cause.

134. Additionally, the conduct of Amethyst Place, as set forth above, was done with evil motive.

135. Plaintiff is also entitled to recover all of her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiff prays for judgment against Defendant Amethyst Place for compensatory damages in an amount exceeding $75,000; for punitive damages; for Plaintiff's costs and expenses incurred herein; for attorneys' fees; for the equitable relief of reinstatement, or in the alternative, front pay; and for such other and further consideration and relief as the Court may deem just and equitable.

**COUNT III**
**RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**
**(Against all Defendants)**

136. Plaintiff incorporates by reference the allegations contained in the proceeding Paragraphs as though fully stated herein.

137. Defendants took adverse actions against Plaintiff, including materially altering and increasing Plaintiff's job duties and discharging Plaintiff from employment.

14

138. This conduct was part of a larger pattern and practice of discrimination against African American employees.

139. The motivating factor in these adverse employment actions was Plaintiff's race, and but for Plaintiff's race, she would not have experienced these adverse employment actions.

140. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered irreparable injury, including past and future pecuniary losses, loss of employment opportunities, emotional pain, suffering, humiliation, inconvenience, mental anguish, and loss of enjoyment of life, and will continue to suffer the same unless and until this Court grants relief.

141. Plaintiff is also entitled to recover all her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

142. Defendants' conduct, as set forth above, was intentionally harmful to Plaintiff, done without just cause, and done in reckless disregard of Plaintiff's federally protected rights.

WHEREFORE, Plaintiff prays for judgment against Defendants for compensatory damages in an amount exceeding $75,000; for punitive damages; for Plaintiff's costs and expenses incurred herein; for attorneys' fees; for the equitable relief of reinstatement, or in the alternative, front pay; and for such other and further consideration and relief as the Court may deem just and equitable.

## COUNT IV
### RETALIATION IN VIOLATION OF 42 U.S.C. § 1981
**(Against all Defendants)**

143. Plaintiff incorporates by reference the allegations contained in the proceeding Paragraphs as though fully stated herein.

144. Plaintiff made internal complaints of racial discrimination prohibited by 42 U.S.C. § 1981.

15

145. Defendants took adverse actions against Plaintiff, including materially altering and increasing Plaintiff's job duties and discharging Plaintiff from employment.

146. This conduct was part of a larger pattern and practice of retaliation against employees who have complained of racial discrimination against African American employees.

147. These adverse actions taken by Defendants with respect to Plaintiff's employment were done because of – and would not have been taken but for – Plaintiff's complaints about conduct prohibited by 42 U.S.C. § 1981.

148. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered irreparable injury, including past and future pecuniary losses, loss of employment opportunities, emotional pain, suffering, humiliation, inconvenience, mental anguish, and loss of enjoyment of life, and will continue to suffer the same unless and until this Court grants relief.

149. Plaintiff is also entitled to recover all her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

150. Defendants' conduct, as set forth above, was intentionally harmful to Plaintiff, done without just cause, and done in reckless disregard of Plaintiff's federally protected rights.

WHEREFORE, Plaintiff prays for judgment against Defendants for compensatory damages in an amount exceeding $75,000; for punitive damages; for Plaintiff's costs and expenses incurred herein; for attorneys' fees; for the equitable relief of reinstatement, or in the alternative, front pay; and for such other and further consideration and relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury in Jackson County at Kansas City on all accounts and allegations of wrongful conduct alleged in this Petition.

Respectfully submitted,

/s/ John F. Doyle

Daniel L. Doyle, MO Bar No. 37305
John F. Doyle, MO Bar No. 66626
Robert A. Bruce, MO Bar No. 69985
DOYLE & BRUCE LLC
748 Ann Avenue
Kansas City, Kansas 66101
Telephone: (913) 543-8558
Dan@KCLaw.com
John@KCLaw.com
Robert@KCLaw.com

*Counsel for Plaintiff*

Electronically Filed - Jackson - Kansas City - April 09, 2026 - 11:02 AM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | |
|---|---|
| JANA DUCA, | ) |
| Plaintiff, | ) Case No.: |
| v. | ) |
| | ) REQUEST FOR JURY TRIAL |
| AMETHYST PLACE, INC., | ) |
| and | ) |
| STARLA WULF-BRENNAN, | ) |
| Defendants. | ) |

## MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through counsel, and pursuant to Local Rule 4.9 of Jackson County Court Rules, hereby moves for the appointment of HPS Process Service & Investigations, Inc.:

| | | | | | |
|---|---|---|---|---|---|
| Ramla | Abdisamed | PPS26-0123 | Janet | Bayless | PPS26-0135 |
| Don | Adelman | PPS26-0124 | Mark | Beach | PPS26-0136 |
| Paul | Aizel | PPS26-0125 | Brenda | Benoit | PPS26-0137 |
| Benita | Alleman | PPS26-0126 | Allison | Bernardo | PPS26-0382 |
| Mark | Allen | PPS26-0127 | Daniela | Bert | PPS26-0138 |
| Tiffany | Allison | PPS26-0128 | Matthew | Bert | PPS26-0139 |
| Victor | Aponte | PPS26-0129 | David | Biddle | PPS26-0140 |
| Tracy | Arnold | PPS26-0130 | William | Bilyk | PPS26-0141 |
| Raymond | Bandy | PPS26-0131 | Kayla | Binsbacher | PPS26-0142 |
| Brian | Bankowski | PPS26-0132 | Angela | Black | PPS26-0143 |
| Theresa | Barnes | PPS26-0133 | Keith | Blanchard | PPS26-0144 |
| Carl | Barnett | PPS26-0134 | Nickolas | Blose | PPS26-0145 |

| | | | | | |
|---|---|---|---|---|---|
| Thomas | Bogue | PPS26-0146 | Nicholas | Cobb | PPS26-0169 |
| Kathy | Broom | PPS26-0147 | Randy | Cobb | PPS26-0170 |
| Mark | Brotemarkle | PPS26-0014 | Kimberly | Combs | PPS26-0171 |
| Deborah | Brown | PPS26-0148 | Chad | Compton | PPS26-0172 |
| Marchelle | Brown | PPS26-0149 | Kenneth | Condrey | PPS26-0173 |
| Reagan | Brown | PPS26-0150 | Sharon | Condrey | PPS26-0174 |
| Timothy | Brown | PPS26-0151 | George | Covert | PPS26-0175 |
| Melissa | Bryant | PPS26-0152 | James | Cox | PPS26-0176 |
| Nicholas | Bull | PPS26-0153 | Kimberly | Cox | PPS26-0177 |
| Gary | Burt | PPS26-0154 | Erika | Cremeans | PPS26-0178 |
| Stephen | Buskirk | PPS26-0387 | Diana | Curtis | PPS26-0179 |
| Steve | Butcher | PPS26-0155 | Thomas | Davoux | PPS26-0180 |
| Veronica | Calderon | PPS26-0156 | Robert | DeLacy Jr | PPS26-0181 |
| Dan | Callahan | PPS26-0157 | Dominic | DellaPorte | PPS26-0182 |
| Thomas | Campbell | PPS26-0158 | Cameron | DePalma | PPS26-0183 |
| Anna | Canole | PPS26-0159 | Wesley | Dilvro | PPS26-0184 |
| Frederick | Carl | PPS26-0160 | Claudia | Dohn | PPS26-0185 |
| Charles | Casey | PPS26-0161 | Amy | Donarski | PPS26-0186 |
| Gina | Cash | PPS26-0162 | Aaron | Donarski Sr. | PPS26-0187 |
| George | Castillo | PPS26-0163 | Dale | Dorning | PPS26-0188 |
| Danielle | Cazier | PPS26-0164 | Catherine | Drake | PPS26-0189 |
| Robert | Cerny | PPS26-0165 | Terrence | Drew | PPS26-0190 |
| Ray | Christensen | PPS26-0166 | Michael | Dunard | PPS26-0191 |
| Darin | Clark | PPS26-0167 | Dylan | Dwyer | PPS26-0192 |
| Timothy | Clemens | PPS26-0168 | Courtney | Edwards | PPS26-0193 |

Electronically Filed - Jackson - Kansas City - April 09, 2026 - 11:02 AM

| | | | | | |
|---|---|---|---|---|---|
| Kirk | Elhquist | PPS26-0194 | Kimberly | Hamilton | PPS26-0396 |
| Donald | Eskra Jr | PPS26-0195 | Alec | Hansen | PPS26-0215 |
| Sadie | Estes | PPS26-0022 | David | Hansen | PPS26-0216 |
| Donna | Fairbanks | PPS26-0196 | Gregory | Hardy | PPS26-0399 |
| Robert | Fairbanks | PPS26-0197 | Joan | Harenberg | PPS26-0217 |
| Michael | Fey | PPS26-0393 | Robert | Harenberg Jr | PPS26-0218 |
| Steven | Flynn | PPS26-0198 | Michelle | Harris | PPS26-0401 |
| Christine | Foran | PPS26-0199 | James | Harvey | PPS26-0219 |
| David | Ford | PPS26-0025 | Grace | Hazell | PPS26-0220 |
| Ryan | Fortune | PPS26-0200 | Stephen | Heitz | PPS26-0221 |
| Brandon | Freeman | PPS26-0201 | Austin | Hendrickson | PPS26-0222 |
| Tamara | Gay | PPS26-0202 | Elizabeth | Henson | PPS26-0223 |
| Richard | Gerber | PPS26-0203 | Trinity | Hibler | PPS26-0034 |
| Kurie | Ghersini | PPS26-0204 | Michael | Hibler | PPS26-0035 |
| Terri | Gilam | PPS26-0205 | Jeremy | Hoffman | PPS26-0224 |
| Abel | Gmirv | PPS26-0206 | Eric | Homan | PPS26-0225 |
| Ronda | Godard | PPS26-0207 | Parry | Howell | PPS26-0226 |
| Adam | Golden | PPS26-0208 | Jessica | Hueckel | PPS26-0227 |
| Bradley | Gordon | PPS26-0209 | Martin | Hueckel | PPS26-0228 |
| Rose | Green | PPS26-0210 | Natalia | Ibarra | PPS26-0229 |
| Kimberly | Greenway | PPS26-0211 | George | Illidge | PPS26-0230 |
| Dawn | Griffin-Luce | PPS26-0212 | Frank | James | PPS26-0231 |
| Mark | Hagood | PPS26-0395 | Matthew | Jankowski | PPS26-0232 |
| David | Hahn | PPS26-0213 | Zachary | Jenkins | PPS26-0040 |
| Eric | Hahn | PPS26-0214 | Betty | Johnson | PPS26-0233 |

Electronically Filed - Jackson - Kansas City - April 09, 2026 - 11:02 AM

Electronically Filed - Jackson - Kansas City - April 09, 2026 - 11:02 AM

| | | | | | |
|---|---|---|---|---|---|
| Kevin | Johnson | PPS26-0234 | Vanessa | Lowe | PPS26-0257 |
| Ron | Johnson | PPS26-0235 | Sally | Lubrant | PPS26-0258 |
| Tamara | Johnson | PPS26-0236 | Robert | Maliuuk | PPS26-0259 |
| Patrick | Jones | PPS26-0237 | Winnonna | Maliuuk | PPS26-0260 |
| Kenneth | Kearney | PPS26-0238 | Genevieve | Marault | PPS26-0261 |
| Christopher | Keilbart | PPS26-0239 | Bonnie | Marvin | PPS26-0262 |
| Ethan | Keller | PPS26-0240 | Patrick | McAuliffe | PPS26-0263 |
| Wendy | Kelley | PPS26-0412 | Michael | McMahon | PPS26-0264 |
| Tyler | Kirkhart | PPS26-0415 | Michael | Meador | PPS26-0265 |
| Kenneth | Klewicki | PPS26-0241 | Sonya | Means | PPS26-0423 |
| Joel | Knoblock | PPS26-0242 | Mathias | Meela | PPS26-0266 |
| Anthony | Ko | PPS26-0243 | Jerry | Melber | PPS26-0267 |
| Paul | Koessel | PPS26-0244 | Carrie | Melte | PPS26-0268 |
| Ruth | Kohls | PPS26-0245 | Kevin | Miller | PPS26-0269 |
| Michele | Kriner | PPS26-0246 | Matthew | Millhollin | PPS26-0270 |
| Wyman | Kroft | PPS26-0247 | Daniel | Moore | PPS26-0271 |
| Jaroslay | Krupa | PPS26-0248 | Christopher | Moore | PPS26-0272 |
| Marcus | Lawing | PPS26-0249 | Wilfredo | Morales | PPS26-0273 |
| Marion | Lawson Jr | PPS26-0250 | Michael | Morrison | PPS26-0274 |
| John | Lichtenegger | PPS26-0251 | Nancy | Muchnick | PPS26-0275 |
| Bryan | Liebhart | PPS26-0252 | Alex | Mueller | PPS26-0276 |
| Sean | Lipscomb | PPS26-0253 | Zachary | Mueller | PPS26-0277 |
| Tara | Little | PPS26-0254 | Kelly | Murski | PPS26-0278 |
| Bert | Lott | PPS26-0255 | Gary | Musholt | PPS26-0279 |
| Craig | Lowe | PPS26-0256 | Shakir | Muwwakkil | PPS26-0280 |

Electronically Filed - Jackson - Kansas City - April 09, 2026 - 11:02 AM

| | | | | | |
|---|---|---|---|---|---|
| Paul | Nardizzi | PPS26-0281 | Charles | Polson | PPS26-0056 |
| Zach | Nash | PPS26-0282 | Nancy | Porter | PPS26-0301 |
| Wendy | Neff | PPS26-0283 | Benjamin | Purser | PPS26-0302 |
| Tom | Newton | PPS26-0427 | Angela | Reed | PPS26-0303 |
| Nigul | Nibblins | PPS26-0284 | Christopher | Reed | PPS26-0304 |
| Jeremy | Nicholas | PPS26-0051 | Edward | Reed | PPS26-0305 |
| Diana | Nichols | PPS26-0052 | Gavin | Rees | PPS26-0306 |
| Jeffrey | Nichols | PPS26-0053 | Betty | Rice | PPS26-0307 |
| Keith | Niziankiewicz | PPS26-0285 | Karen | Rice | PPS26-0308 |
| Michael | Noble | PPS26-0286 | Steven | Rice | PPS26-0309 |
| Michael | Nolan | PPS26-0287 | Cheryl | Richey | PPS26-0310 |
| Kevin | Nuan | PPS26-0288 | Richard | Rober | PPS26-0311 |
| Daryl | Oestreich | PPS26-0289 | David | Roberts | PPS26-0312 |
| Elizabeth | Ostman | PPS26-0290 | Patricia | Roberts | PPS26-0313 |
| Daniel | Otto | PPS26-0291 | Deniel | Rodriguez | PPS26-0439 |
| Cynthia | Paris | PPS26-0292 | Angela | Romack | PPS26-0314 |
| Jason | Parker | PPS26-0293 | Daniel | Ronnie | PPS26-0315 |
| Cody | Patton | PPS26-0429 | Richard | Ross | PPS26-0316 |
| Natalie | Payne | PPS26-0294 | Steve | Rozhon | PPS26-0317 |
| Ashley | Perrault | PPS26-0295 | Eric | Rubin | PPS26-0318 |
| George | Perry | PPS26-0296 | Rene | Rulo | PPS26-0319 |
| Matthew | Peterson | PPS26-0297 | Kathy | Rulo | PPS26-0320 |
| Vincent | Piazza | PPS26-0298 | Robert | Sanders | PPS26-0066 |
| Timothy | Pinney | PPS26-0299 | Patrick | Sanford | PPS26-0321 |
| Dominic | Playle | PPS26-0300 | Vincent | Sarelli | PPS26-0322 |

| | | | | | |
|---|---|---|---|---|---|
| Tristan | Seaver | PPS26-0323 | Kenneth | Sullenberger Jr | PPS26-0347 |
| Westley | Seifert | PPS26-0324 | Kenneth | Sullenberger Sr | PPS26-0348 |
| Joe | Sherrod | PPS26-0325 | Cody | Swartz | PPS26-0349 |
| Katie | Shiflett | PPS26-0326 | Ramona | Talvacchio | PPS26-0350 |
| Kenneth | Short | PPS26-0327 | Leli | Tautuaa | PPS26-0351 |
| Jeannie | Simon | PPS26-0328 | Jeffrey | Teitel | PPS26-0352 |
| Jordan | Sitarski | PPS26-0329 | Shamer | Thomas | PPS26-0353 |
| Thomas | Skinner | PPS26-0330 | Walt | Thomas | PPS26-0354 |
| Richard | Skyles | PPS26-0442 | Gabriel | Tranum | PPS26-0355 |
| Merrill | Smallwood III | PPS26-0331 | Sean | Updegrave | PPS26-0356 |
| Bryan | Smith | PPS26-0332 | Keith | Venus | PPS26-0357 |
| Brian | Smith | PPS26-0333 | Angie | Verjan | PPS26-0358 |
| Gean | Smith | PPS26-0334 | Robert | Vick II | PPS26-0079 |
| Katie | Smith | PPS26-0335 | Brad | Votaw | PPS26-0080 |
| Garrett | Smith | PPS26-0336 | Ryan | Waddle | PPS26-0359 |
| Zach | Sorenson | PPS26-0337 | Zachary | Wakid | PPS26-0360 |
| Anthony | Spada | PPS26-0338 | Ambiko | Wallace | PPS26-0361 |
| Samuel | Staton | PPS26-0339 | Stephen | Waters | PPS26-0082 |
| Shelby | Stauble | PPS26-0340 | Leavy | Watson | PPS26-0362 |
| Tanner | Stauble | PPS26-0341 | Michael | Weaver | PPS26-0363 |
| Barbara | Steil | PPS26-0342 | Doreen | Weekley | PPS26-0449 |
| Frances | Stewart | PPS26-0343 | Austin | Weekley | PPS26-0450 |
| Steven | Stosur | PPS26-0344 | Ryan M | Weekley | PPS26-0451 |
| Dylan | Stricklin | PPS26-0345 | Ryan E | Weekley | PPS26-0452 |
| Kalen | Stricklin | PPS26-0346 | Ronald | Weinand | PPS26-0364 |

Electronically Filed - Jackson - Kansas City - April 09, 2026 - 11:02 AM

| | | | | | |
|---|---|---|---|---|---|
| Barbara | West | PPS26-0365 | Julaine | Wold | PPS26-0373 |
| Gregory | Westerlund | PPS26-0366 | Yvonne | Worman | PPS26-0374 |
| Tabitha | White | PPS26-0367 | Ethan | Yade | PPS26-0375 |
| James | Wille | PPS26-0368 | Sandra | Yade | PPS26-0376 |
| Crystal | Williams | PPS26-0369 | Edwin | Young | PPS26-0377 |
| Gregory | Willing | PPS26-0370 | Nick | Zotti | PPS26-0378 |
| Tamara | Wilson | PPS26-0371 | Elenu | Zyborieue | PPS26-0379 |
| Kenneth | Winge | PPS26-0372 | | | |

as private process servers in the above-captioned matter. In support of said motion, Plaintiff states that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file is current and still correct.

Respectfully Submitted,

/s/*John F. Doyle*

Daniel L. Doyle, MO Bar No. 37305
John F. Doyle, MO Bar No. 66626
Robert A. Bruce, MO Bar No. 69985
DOYLE & BRUCE LLC
748 Ann Avenue
Kansas City, Kansas 66101
Telephone: (913) 543-8558
Facsimile: (913) 543-3888
Dan@KCLaw.com
John@KCLaw.com
Robert@KCLaw.com

Not an Official Court Document

Electronically Filed - Jackson - Kansas City - April 09, 2026 - 11:02 AM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

**JANA DUCA,**

        **PLAINTIFF(S),**        **CASE NO. 2616-CV12703**

**VS.**        **DIVISION 15**

 **AMETHYST PLACE, INC.,**

        **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

    NOTICE IS HEREBY GIVEN that this case is currently assigned to the Honorable JALILAH OTTO and a Case Management Conference will be held with the Honorable JALILAH OTTO on **27-JUL-2026** in **DIVISION 15** at **09:45 AM,** pursuant to Administrative Order. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

    A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

    At the Case Management Conference, counsel should be prepared to address at least the following:

    a.    A trial setting;

    b.    Expert Witness Disclosure Cutoff Date;

    c.    A schedule for the orderly preparation of the case for trial;

    d.    Any issues which require input or action by the Court;

    e.    The status of settlement negotiations.

Case 4:26-cv-00435-RK   Document 1-1   Filed 05/19/26   Page 26 of 44

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **JALILAH OTTO**
JALILAH OTTO**, Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
JOHN FRANCIS DOYLE, 748 ANN AVENUE, KANSAS CITY, KS 66101

Defendant(s):
AMETHYST PLACE, INC.
STARLA WULF-BRENNAN

Dated: 10-APR-2026

BEVERLY A. NEWMAN
Court Administrator

Electronically Filed - Jackson - Kansas City - April 09, 2026 - 11:02 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | |
|---|---|
| JANA DUCA, | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| v. | ) |
| | ) REQUEST FOR JURY TRIAL |
| AMETHYST PLACE, INC., | ) |
| and | ) |
| | ) |
| STARLA WULF-BRENNAN, | ) |
| | ) |
| Defendants. | ) |

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and that HPS Process Service & Investigations and the above named individuals are hereby appointed to serve process in the above captioned matter.

| | | | | | |
|---|---|---|---|---|---|
| Ramla | Abdisamed | PPS26-0123 | Janet | Bayless | PPS26-0135 |
| Don | Adelman | PPS26-0124 | Mark | Beach | PPS26-0136 |
| Paul | Aizel | PPS26-0125 | Brenda | Benoit | PPS26-0137 |
| Benita | Alleman | PPS26-0126 | Allison | Bernardo | PPS26-0382 |
| Mark | Allen | PPS26-0127 | Daniela | Bert | PPS26-0138 |
| Tiffany | Allison | PPS26-0128 | Matthew | Bert | PPS26-0139 |
| Victor | Aponte | PPS26-0129 | David | Biddle | PPS26-0140 |
| Tracy | Arnold | PPS26-0130 | William | Bilyk | PPS26-0141 |
| Raymond | Bandy | PPS26-0131 | Kayla | Binsbacher | PPS26-0142 |
| Brian | Bankowski | PPS26-0132 | Angela | Black | PPS26-0143 |
| Theresa | Barnes | PPS26-0133 | Keith | Blanchard | PPS26-0144 |
| Carl | Barnett | PPS26-0134 | Nickolas | Blose | PPS26-0145 |

Electronically Filed - Jackson - Kansas City - April 09, 2026 - 11:02 AM

| | | | | | |
|---|---|---|---|---|---|
| Thomas | Bogue | PPS26-0146 | Nicholas | Cobb | PPS26-0169 |
| Kathy | Broom | PPS26-0147 | Randy | Cobb | PPS26-0170 |
| Mark | Brotemarkle | PPS26-0014 | Kimberly | Combs | PPS26-0171 |
| Deborah | Brown | PPS26-0148 | Chad | Compton | PPS26-0172 |
| Marchelle | Brown | PPS26-0149 | Kenneth | Condrey | PPS26-0173 |
| Reagan | Brown | PPS26-0150 | Sharon | Condrey | PPS26-0174 |
| Timothy | Brown | PPS26-0151 | George | Covert | PPS26-0175 |
| Melissa | Bryant | PPS26-0152 | James | Cox | PPS26-0176 |
| Nicholas | Bull | PPS26-0153 | Kimberly | Cox | PPS26-0177 |
| Gary | Burt | PPS26-0154 | Erika | Cremeans | PPS26-0178 |
| Stephen | Buskirk | PPS26-0387 | Diana | Curtis | PPS26-0179 |
| Steve | Butcher | PPS26-0155 | Thomas | Davoux | PPS26-0180 |
| Veronica | Calderon | PPS26-0156 | Robert | DeLacy Jr | PPS26-0181 |
| Dan | Callahan | PPS26-0157 | Dominic | DellaPorte | PPS26-0182 |
| Thomas | Campbell | PPS26-0158 | Cameron | DePalma | PPS26-0183 |
| Anna | Canole | PPS26-0159 | Wesley | Dilvro | PPS26-0184 |
| Frederick | Carl | PPS26-0160 | Claudia | Dohn | PPS26-0185 |
| Charles | Casey | PPS26-0161 | Amy | Donarski | PPS26-0186 |
| Gina | Cash | PPS26-0162 | Aaron | Donarski Sr. | PPS26-0187 |
| George | Castillo | PPS26-0163 | Dale | Dorning | PPS26-0188 |
| Danielle | Cazier | PPS26-0164 | Catherine | Drake | PPS26-0189 |
| Robert | Cerny | PPS26-0165 | Terrence | Drew | PPS26-0190 |
| Ray | Christensen | PPS26-0166 | Michael | Dunard | PPS26-0191 |
| Darin | Clark | PPS26-0167 | Dylan | Dwyer | PPS26-0192 |
| Timothy | Clemens | PPS26-0168 | Courtney | Edwards | PPS26-0193 |

Electronically Filed - Jackson - Kansas City - April 09, 2026 - 11:02 AM

| | | | | | |
|---|---|---|---|---|---|
| Kirk | Elhquist | PPS26-0194 | Kimberly | Hamilton | PPS26-0396 |
| Donald | Eskra Jr | PPS26-0195 | Alec | Hansen | PPS26-0215 |
| Sadie | Estes | PPS26-0022 | David | Hansen | PPS26-0216 |
| Donna | Fairbanks | PPS26-0196 | Gregory | Hardy | PPS26-0399 |
| Robert | Fairbanks | PPS26-0197 | Joan | Harenberg | PPS26-0217 |
| Michael | Fey | PPS26-0393 | Robert | Harenberg Jr | PPS26-0218 |
| Steven | Flynn | PPS26-0198 | Michelle | Harris | PPS26-0401 |
| Christine | Foran | PPS26-0199 | James | Harvey | PPS26-0219 |
| David | Ford | PPS26-0025 | Grace | Hazell | PPS26-0220 |
| Ryan | Fortune | PPS26-0200 | Stephen | Heitz | PPS26-0221 |
| Brandon | Freeman | PPS26-0201 | Austin | Hendrickson | PPS26-0222 |
| Tamara | Gay | PPS26-0202 | Elizabeth | Henson | PPS26-0223 |
| Richard | Gerber | PPS26-0203 | Trinity | Hibler | PPS26-0034 |
| Kurie | Ghersini | PPS26-0204 | Michael | Hibler | PPS26-0035 |
| Terri | Gilam | PPS26-0205 | Jeremy | Hoffman | PPS26-0224 |
| Abel | Gmirv | PPS26-0206 | Eric | Homan | PPS26-0225 |
| Ronda | Godard | PPS26-0207 | Parry | Howell | PPS26-0226 |
| Adam | Golden | PPS26-0208 | Jessica | Hueckel | PPS26-0227 |
| Bradley | Gordon | PPS26-0209 | Martin | Hueckel | PPS26-0228 |
| Rose | Green | PPS26-0210 | Natalia | Ibarra | PPS26-0229 |
| Kimberly | Greenway | PPS26-0211 | George | Illidge | PPS26-0230 |
| Dawn | Griffin-Luce | PPS26-0212 | Frank | James | PPS26-0231 |
| Mark | Hagood | PPS26-0395 | Matthew | Jankowski | PPS26-0232 |
| David | Hahn | PPS26-0213 | Zachary | Jenkins | PPS26-0040 |
| Eric | Hahn | PPS26-0214 | Betty | Johnson | PPS26-0233 |

Electronically Filed - Jackson - Kansas City - April 09, 2026 - 11:02 AM

| | | | | | |
|---|---|---|---|---|---|
| Kevin | Johnson | PPS26-0234 | Vanessa | Lowe | PPS26-0257 |
| Ron | Johnson | PPS26-0235 | Sally | Lubrant | PPS26-0258 |
| Tamara | Johnson | PPS26-0236 | Robert | Maliuuk | PPS26-0259 |
| Patrick | Jones | PPS26-0237 | Winnonna | Maliuuk | PPS26-0260 |
| Kenneth | Kearney | PPS26-0238 | Genevieve | Marault | PPS26-0261 |
| Christopher | Keilbart | PPS26-0239 | Bonnie | Marvin | PPS26-0262 |
| Ethan | Keller | PPS26-0240 | Patrick | McAuliffe | PPS26-0263 |
| Wendy | Kelley | PPS26-0412 | Michael | McMahon | PPS26-0264 |
| Tyler | Kirkhart | PPS26-0415 | Michael | Meador | PPS26-0265 |
| Kenneth | Klewicki | PPS26-0241 | Sonya | Means | PPS26-0423 |
| Joel | Knoblock | PPS26-0242 | Mathias | Meela | PPS26-0266 |
| Anthony | Ko | PPS26-0243 | Jerry | Melber | PPS26-0267 |
| Paul | Koessel | PPS26-0244 | Carrie | Melte | PPS26-0268 |
| Ruth | Kohls | PPS26-0245 | Kevin | Miller | PPS26-0269 |
| Michele | Kriner | PPS26-0246 | Matthew | Millhollin | PPS26-0270 |
| Wyman | Kroft | PPS26-0247 | Daniel | Moore | PPS26-0271 |
| Jaroslav | Krupa | PPS26-0248 | Christopher | Moore | PPS26-0272 |
| Marcus | Lawing | PPS26-0249 | Wilfredo | Morales | PPS26-0273 |
| Marion | Lawson Jr | PPS26-0250 | Michael | Morrison | PPS26-0274 |
| John | Lichtenegger | PPS26-0251 | Nancy | Muchnick | PPS26-0275 |
| Bryan | Liebhart | PPS26-0252 | Alex | Mueller | PPS26-0276 |
| Sean | Lipscomb | PPS26-0253 | Zachary | Mueller | PPS26-0277 |
| Tara | Little | PPS26-0254 | Kelly | Murski | PPS26-0278 |
| Bert | Lott | PPS26-0255 | Gary | Musholt | PPS26-0279 |
| Craig | Lowe | PPS26-0256 | Shakir | Muwwakkil | PPS26-0280 |

Electronically Filed - Jackson - Kansas City - April 09, 2026 - 11:02 AM

| | | | | | |
|---|---|---|---|---|---|
| Paul | Nardizzi | PPS26-0281 | Charles | Polson | PPS26-0056 |
| Zach | Nash | PPS26-0282 | Nancy | Porter | PPS26-0301 |
| Wendy | Neff | PPS26-0283 | Benjamin | Purser | PPS26-0302 |
| Tom | Newton | PPS26-0427 | Angela | Reed | PPS26-0303 |
| Nigul | Nibblins | PPS26-0284 | Christopher | Reed | PPS26-0304 |
| Jeremy | Nicholas | PPS26-0051 | Edward | Reed | PPS26-0305 |
| Diana | Nichols | PPS26-0052 | Gavin | Rees | PPS26-0306 |
| Jeffrey | Nichols | PPS26-0053 | Betty | Rice | PPS26-0307 |
| Keith | Niziankiewicz | PPS26-0285 | Karen | Rice | PPS26-0308 |
| Michael | Noble | PPS26-0286 | Steven | Rice | PPS26-0309 |
| Michael | Nolan | PPS26-0287 | Cheryl | Richey | PPS26-0310 |
| Kevin | Nuan | PPS26-0288 | Richard | Rober | PPS26-0311 |
| Daryl | Oestreich | PPS26-0289 | David | Roberts | PPS26-0312 |
| Elizabeth | Ostman | PPS26-0290 | Patricia | Roberts | PPS26-0313 |
| Daniel | Otto | PPS26-0291 | Deniel | Rodriguez | PPS26-0439 |
| Cynthia | Paris | PPS26-0292 | Angela | Romack | PPS26-0314 |
| Jason | Parker | PPS26-0293 | Daniel | Ronnie | PPS26-0315 |
| Cody | Patton | PPS26-0429 | Richard | Ross | PPS26-0316 |
| Natalie | Payne | PPS26-0294 | Steve | Rozhon | PPS26-0317 |
| Ashley | Perrault | PPS26-0295 | Eric | Rubin | PPS26-0318 |
| George | Perry | PPS26-0296 | Rene | Rulo | PPS26-0319 |
| Matthew | Peterson | PPS26-0297 | Kathy | Rulo | PPS26-0320 |
| Vincent | Piazza | PPS26-0298 | Robert | Sanders | PPS26-0066 |
| Timothy | Pinney | PPS26-0299 | Patrick | Sanford | PPS26-0321 |
| Dominic | Playle | PPS26-0300 | Vincent | Sarelli | PPS26-0322 |

Electronically Filed - Jackson - Kansas City - April 09, 2026 - 11:02 AM

| | | | | | |
|---|---|---|---|---|---|
| Tristan | Seaver | PPS26-0323 | Kenneth | Sullenberger Jr | PPS26-0347 |
| Westley | Seifert | PPS26-0324 | Kenneth | Sullenberger Sr | PPS26-0348 |
| Joe | Sherrod | PPS26-0325 | Cody | Swartz | PPS26-0349 |
| Katie | Shiflett | PPS26-0326 | Ramona | Talvacchio | PPS26-0350 |
| Kenneth | Short | PPS26-0327 | Leli | Tautuaa | PPS26-0351 |
| Jeannie | Simon | PPS26-0328 | Jeffrey | Teitel | PPS26-0352 |
| Jordan | Sitarski | PPS26-0329 | Shamer | Thomas | PPS26-0353 |
| Thomas | Skinner | PPS26-0330 | Walt | Thomas | PPS26-0354 |
| Richard | Skyles | PPS26-0442 | Gabriel | Tranum | PPS26-0355 |
| Merrill | Smallwood III | PPS26-0331 | Sean | Updegrave | PPS26-0356 |
| Bryan | Smith | PPS26-0332 | Keith | Venus | PPS26-0357 |
| Brian | Smith | PPS26-0333 | Angie | Verjan | PPS26-0358 |
| Gean | Smith | PPS26-0334 | Robert | Vick II | PPS26-0079 |
| Katie | Smith | PPS26-0335 | Brad | Votaw | PPS26-0080 |
| Garrett | Smith | PPS26-0336 | Ryan | Waddle | PPS26-0359 |
| Zach | Sorenson | PPS26-0337 | Zachary | Wakid | PPS26-0360 |
| Anthony | Spada | PPS26-0338 | Ambiko | Wallace | PPS26-0361 |
| Samuel | Staton | PPS26-0339 | Stephen | Waters | PPS26-0082 |
| Shelby | Stauble | PPS26-0340 | Leavy | Watson | PPS26-0362 |
| Tanner | Stauble | PPS26-0341 | Michael | Weaver | PPS26-0363 |
| Barbara | Steil | PPS26-0342 | Doreen | Weekley | PPS26-0449 |
| Frances | Stewart | PPS26-0343 | Austin | Weekley | PPS26-0450 |
| Steven | Stosur | PPS26-0344 | Ryan M | Weekley | PPS26-0451 |
| Dylan | Stricklin | PPS26-0345 | Ryan E | Weekley | PPS26-0452 |
| Kalen | Stricklin | PPS26-0346 | Ronald | Weinand | PPS26-0364 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Barbara | West | PPS26-0365 | | Sandra | Yade | PPS26-0376 |
| Gregory | Westerlund | PPS26-0366 | | Edwin | Young | PPS26-0377 |
| Tabitha | White | PPS26-0367 | | Nick | Zotti | PPS26-0378 |
| James | Wille | PPS26-0368 | | Elenu | Zyborieue | PPS26-0379 |
| Crystal | Williams | PPS26-0369 | | | | |
| Gregory | Willing | PPS26-0370 | | | | |
| Tamara | Wilson | PPS26-0371 | | | | |
| Kenneth | Winge | PPS26-0372 | | | | |
| Julaine | Wold | PPS26-0373 | | | | |
| Yvonne | Worman | PPS26-0374 | | | | |
| Ethan | Yade | PPS26-0375 | | | | |

04/10/2026

DEPUTY CLERK

Court Document Not an Official Court Document Not an Official Court Document Not an O
Official Court Document Not an Official Court Document Not an Official Court Document
Not an Official Court Document Not an Official Court Document Not an Official Court Do
Document Not an Official Court Document Not an Official Court Document Not an Official
al Court Document Not an Official Court Document Not an Official Court Document Not an
an Official Court Document Not an Official Court Document Not an Official Court Document
nt Not an Official Court Document Not an Official Court Document Not an Official Court D
t Document Not an Official Court Document Not an Official Court Document Not an Officia
cial Court Document Not an Official Court Document Not an Official Court Document Not
ot an Official Court Document Not an Official Court Document Not an Official Court Documen
ent Not an Official Court Document Not an Official Court Document Not an Official Court
rt Document Not an Official Court Document Not an Official Court Document Not an Offic
ficial Court Document Not an Official Court Document Not an Official Court Document Not
lot an Official Court Document Not an Official Court Document Not an Official Court Docume
ment Not an Official Court Document Not an Official Court Document Not an Official Cou
rt Document Not an Official Court Document Not an Official Court Document Not an Offi
Official Court Document Not an Official Court Document Not an Official Court Document N
Not an Official Court Document Not an Official Court Document Not an Official Court Docu



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JALILAH OTTO | Case Number: 2616-CV12703 |
|---|---|
| Plaintiff/Petitioner:<br>JANA DUCA<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN FRANCIS DOYLE<br>748 ANN AVENUE<br>KANSAS CITY, KS 66101 |
| Defendant/Respondent:<br> AMETHYST PLACE, INC. | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** AMETHYST PLACE, INC.
        **Alias:**

**RA: PATRICK BROWN**
**2750 TRACY AVE**
**KANSAS CITY, MO 64109**

*COURT SEAL OF*

*JACKSON COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| 10-APR-2026 | |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____

Printed Name of Sheriff or Server      Signature of Sheriff or Server

*(Seal)*    **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____    _____

            Date          Notary Public

**Sheriff's Fees**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 4.26-cv-00435-RK    Document 1-1    Filed 05/19/26    Page 36 of 44

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JALILAH OTTO | Case Number: 2616-CV12703 |
| Plaintiff/Petitioner:<br>JANA DUCA | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN FRANCIS DOYLE<br>748 ANN AVENUE<br>KANSAS CITY, KS 66101 |
| vs. | |
| Defendant/Respondent:<br>AMETHYST PLACE, INC. | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **STARLA WULF-BRENNAN**
**Alias:**

**2842 N. 84TH TERRACE**
**KANSAS CITY, KS 66109**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

<u>10-APR-2026</u>
Date                                       Clerk

*JACKSON COUNTY*    Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   ☐ other _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____           _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** me before this _____ (day) _____ (month) _____ (year)

I am: (check one)    ☐ the clerk of the court of which affiant is an officer.
                 ☐ the judge of the court of which affiant is an officer.
                 ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)

*(Seal)*                  ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

**Service Fees, if applicable**
Summons    $_____
Non Est      $_____
Mileage     $_____ (_____ miles @ $_____ per mile)
**Total**        $_____

**See the following page for directions to officer making return on service of summons.**

Case 4.26-cv-00435-RK    Document 1-1    Filed 05/19/26    Page 38 of 44

# Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Case 4:26-cv-00435-RK    Document 1-1    Filed 05/19/26    Page 39 of 44

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020

Electronically Filed - JACKSON - KANSAS CITY - April 22, 2026 - 10:14 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | |
|---|---|
| JANA DUCA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Case No.: 2616-CV12703** |
| v. | ) |
| | ) |
| AMETHYST PLACE, INC., | ) |
| | ) |
| and | ) |
| | ) |
| STARLA WULF-BRENNAN, | ) |
| | ) |
| **Defendant.** | ) |

**ENTRY OF APPEARANCE**

Robert A. Bruce of the law firm of Doyle & Bruce LLC hereby enters his appearance as co-counsel on behalf of Plaintiff Jana Duca in the above-referenced matter. Plaintiff re-designates Daniel L. Doyle as Lead Attorney of Record in this matter.

Dated: April 22, 2026                    Respectfully submitted,

                    By:    /s/ Robert A. Bruce___
                            Daniel L. Doyle, MO Bar No. 37305
                            John F. Doyle, MO Bar No. 66626
                            Robert A. Bruce, MO Bar No. 69985
                            DOYLE & BRUCE LLC
                            748 Ann Avenue
                            Kansas City, Kansas 66101
                            (913) 543-8558
                            (913) 543-3888 Facsimile
                            Dan@KCLaw.com
                            John@KCLaw.com
                            Robert @KCLaw.com

                            ***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon counsel of record in this action electronically.

<div align="right">

*/s/ Robert A. Bruce*
**Counsel for Plaintiff**

</div>

Electronically Filed - JACKSON - KANSAS CITY - April 22, 2026 - 10:14 AM

# AFFIDAVIT OF SERVICE

Electronically Filed - JACKSON - KANSAS CITY - May 01, 2026 - 03:32 PM

**State of Missouri**                    **County of Jackson**                    **Circuit Court**

Case Number: 2616-CV12703

Plaintiff/Petitioner:
**JANA DUCA**

vs.

Defendant/Respondent:
**AMETHYST PLACE, INC.**

Received by HPS Process Service & Investigations to be served on **Amethyst Place, Inc., c/o Patrick Brown, 2750 Tracy Avenue, Kansas City, MO 64109.**

I, BRITTNEY STROZIER, being duly sworn, depose and say that on the **20th day of April, 2026 at 11:17 am, I:**

Served the within named establishment by delivering a true copy of **Summons for Personal Service Outside the State of Missouri; Motion for Appointment of Private Process Server; Order for Appointment of Private Process Server; Notice of Case Management Conference for Civil Case and Order for Mediation; Mediation; and Petition for Damages to Regina Green, Support Housing Manager** at the address of **2750 Tracy Avenue, Kansas City, MO 64109.**

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

**BRITTNEY STROZIER**
Process Server

Subscribed and Sworn to before me on the _28_ day
of _Apr._, _2026_ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2026006896

Copyright © 1992-2026 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Electronically Filed - JACKSON - KANSAS CITY - May 01, 2026 - 03:32 PM



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JALILAH OTTO | Case Number: 2616-CV12703 |
| Plaintiff/Petitioner:<br>JANA DUCA<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>JOHN FRANCIS DOYLE<br>748 ANN AVENUE<br>KANSAS CITY, KS 66101 |
| Defendant/Respondent:<br>AMETHYST PLACE, INC. | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Tort | |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** AMETHYST PLACE, INC.
               **Alias:**

RA: PATRICK BROWN
2750 TRACY AVE
KANSAS CITY, MO 64109

**COURT SEAL OF**

*CIRCUIT COURT OF MISSOURI*

*JACKSON COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>10-APR-2026</u>
    Date                                          Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with
_____ a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to
<u>Regina Green</u> (name) <u>Support Housing manager</u> (title).

☐ other _____

Served at <u>2750 Tracy Ave KCMO 64109</u> (address)
in <u>Jackson</u> (County/City of St. Louis), MO, on <u>4-28-26</u> (date) at <u>11:17am</u> (time).

<u>Britney Stroder</u>
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

*(Seal)*     **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on <u>4/28/26</u> (date)

My commission expires: <u>7/18/29</u>
                Date                             Notary Public

JESSICA KIEWEL
MY COMMISSION EXPIRES
NOTARY SEAL
7-18-2029
#21619191
CLAY COUNTY
NOTARY PUBLIC, STATE OF MISSOURI

| Sheriff's Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (____ miles @ $.____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.